[No. 3973.   Decided December 7, 1901.]

THE STATE OF WASHINGTON on the Relation of Commercial Investment Company, Appellant, v. JOHN HARTMAN, Sheriff of Pierce County, et al., Respondents.

MANDAMUS — TO SHERIFF — ENFORCING RETURN OF EXECUTION.

Mandamus will not lie to compel a sheriff to make return of an execution, where he has been ordered by the court to withhold its return pending the final determination of another action involving property affected by the lien of the judgment upon which the execution had issued.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge.   Affirmed.

T. O. Abbott, for appellant.

Bogle & Richardson and Bates & Murray, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action of mandamus to compel the sheriff of Pierce county to make return of a certain execution issued under a judgment, of which judgment the appellant was the owner. Before this judgment was obtained, another action had been commenced by Deming, for whom (he having deceased) W. H. Opie was substituted as plaintiff. This second action involved the question of whether or not Deming had a right to a rescission

of the sale of the property which was the subject of the
action upon which appellant's judgment, the basis of this
action, was founded.    A great deal was interjected into
this case which seems to us to be foreign to its proper
consideration, but it is sufficient to say, for the purpose
of its disposition, that the sheriff justified under the fol-
lowing facts:   During the pendency of the case of Opie,
as administrator, against the Pacific Investment Company
*et al.,* he was instructed by the judge of the court who was
trying that cause to withhold the return of the execution
until the final determination of the Opie case.    This, the
sheriff alleges and testifies, was done in open court in the
presence of the attorneys in the Opie case and the attor-
neys for the appellant in this case; and, in order to pro-
tect himself, or his principal (it being the deputy sheriff
who testified as above noted) he prepared an order in
writing which embraced the order that had been made
orally, and asked the court to sign the same, which it did,
as of the date the oral order was made.    It is insisted by
the appellant that it is not bound by this order, from the
fact that it was not cognizant of the order when it was
made, and that it was made by a court which had no juris-
diction over it.    The judgment of the lower court was in
favor of the defendant.    The testimony on this subject
it a little conflicting, but in any event, the relations be-
tween a court and a sheriff are such that, unless the order
was absolutely void, we would not mandamus a sheriff
for obeying the instructions of the court in a matter of this
kind.    It was not an unreasonable requirement, and we
think the sheriff was justified in obeying it.

The judgment of the lower court will therefore be af-
firmed.

REAVIS, C. J., and FULLERTON, HADLEY, MOUNT, AN-
DERS and WHITE, JJ., concur.